Tuesday, 18 April, 2017  10:59:43 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACKLYN STILL a/k/a JACKLYN GEBHARDT, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 17-cv-3033 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court on Petitioner Jacklyn Still, a/k/a Jacklyn Gebhardt's pro se Motion (d/e 1) brought pursuant to 28 U.S.C. § 2255 (§ 2255 Motion). Because the Motion is a successive motion that the Court of Appeals has not granted Petitioner leave to file, the Court dismisses the Motion for lack of jurisdiction. Even if this Court had jurisdiction, however, the § 2255 Motion is untimely and barred by the waiver in Petitioner's plea agreement.

# I. BACKGROUND

In early 2011, Petitioner pled guilty to Mail Fraud (Count 1) and Unlawful Monetary Transaction (Count 2) pursuant to a plea agreement in <u>United States v. Still</u>, Case No. 3:11-cr-30016. In the plea agreement, Petitioner waived several rights, including her right to collaterally attack her sentence under 28 U.S.C. § 2255. Case No. 3:11-cr-30016, Plea Agreement ¶ 12 (d/e 13). On October 31, 2011, the Court sentenced Petitioner to 108 months on each of Count 1 and Count 2, to run concurrently; five years' supervised release on Count 1 and three years' supervised release on Count 2, to run concurrently; a $200 special assessment, and $4,548,049.51 in restitution. Case No. 3:11-cr-30016, Judgment (d/e 67) (dated November 4, 2011).

On November 16, 2012, Petitioner filed a motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 in Case No. 12-3308. Petitioner raised a claim of ineffective assistance of counsel, arguing that counsel failed to have Petitioner evaluated by a psychiatrist or psychologist prior to sentencing. Case No. 3:12-cv-3308, Opinion at 6 (d/e 3). Petitioner asserted that, had she been evaluated, the doctor would have determined that she suffered

from a mental impairment, and the Court would likely have imposed a lower sentence. Id.

This Court reviewed the pertinent provisions of Petitioner's plea agreement in which she agreed to waive her right to bring either a direct appeal or a collateral attack of her conviction or sentence. Case No. 3:12-cv-3308, Opinion at 4 (d/e 3). The Court also reviewed the transcript of Petitioner's Rule 11 hearing. Id. On January 9, 2013, this Court denied the Motion on the ground that Petitioner waived her right to bring her § 2255 claim. Id. at 12.

On February 7, 2017, Petitioner filed the § 2255 Motion at issue herein. Petitioner argues that the 18-level enhancement to her offense level that she received based on the amount of loss is unconstitutional because it is based on uncharged loss amounts. Mot. at 1; see also PSR ¶ 123 (providing 18-level enhancement under U.S.S.G. § 2B1.1(b)(1)(J)). The Government has filed a response (d/e 4), and Petitioner has filed a reply (d/e 5).

## II. ANALYSIS

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2255 is an extraordinary remedy because a § 2255

petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). Post-conviction relief under § 2255 is therefore "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

A prisoner may not file a second or successive § 2255 motion unless she obtains certification from the Court of Appeals. 28 U.S.C. § 2255(h). However, not every § 2255 motion filed second-in-time is considered a successive petition. A second-filed motion is successive only if it follows a filing that "'counts' as the prisoner's first (and only) opportunity for collateral review." Vitrano v. United States, 643 F.3d 229, 233 (7th Cir. 2011); see also Potts v. United States, 210 F.3d 770, 770 (7th Cir. 2000) (explaining when a previous motion "was the 'real thing' that ought to subject the petitioner" to the limitations the Antiterrorism and Effective Death Penalty Act places on the filing of successive motions under § 2255).

For instance, where a petitioner successfully challenged his sentence pursuant to a § 2255 motion and was resentenced, his second § 2255 motion challenging his resentencing did not constitute a second or successive motion. Suggs v. United States, 705 F.3d 279, 282 (7th Cir. 2013) (noting the general rule but finding, in that case, that the motion was successive because the petitioner challenged his underlying conviction, not his resentencing). Moreover, a habeas petition filed after a court dismissed the first petition for failure to exhaust state remedies is not a second or successive petition. Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

In this case, Petitioner's first § 2255 motion was denied because Petitioner waived her right to collaterally attack her conviction or sentence in the plea agreement. See Case No. 3:12-cv-3308, Opinion (d/e 3). District courts in this Circuit have found that such a decision "counts" as a petitioner's first § 2255 motion. See United States v. Aswege, No. 07-4034, 2007 WL 2700525, at *1-2 (C.D. Ill. July 13, 2007) (finding that § 2255 motion dismissed as barred by the waiver in the plea agreement counted as the petitioner's first § 2255 motion); United States v. Walker, No. 1:05-

CR-70, 2009 WL 5170026, at *1 n.1 (N.D. Ind. Dec. 18, 2009) (noting that, because the court denied the defendant relief based on the defendant's waiver of his appeal and post-conviction filing rights, defendant cannot file any further challenge to his sentence without first obtaining the permission of the Seventh Circuit). Because Petitioner has already filed one § 2255 motion, the § 2255 Motion at issue herein is a successive motion. Petitioner has not obtained certification to file a successive § 2255 Motion from the Court of Appeals. Therefore, this Court lacks jurisdiction, and the § 2255 Motion must be dismissed for lack of jurisdiction.

Even if the Court were to find that the first § 2255 motion did not count as Petitioner's first and only opportunity for review, two other grounds warrant denial of Petitioner's § 2255 Motion.

First, Petitioner's § 2255 Motion is untimely. A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if

the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final on November 18, 2011, after expiration of the 14-day period to file a direct appeal. Fed. R. App. P. 4(b)(1)(A); Clark v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013). Petitioner did not file this § 2255 Motion until February 2017, well beyond the one-year period that ended on November 18, 2012. Therefore, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Petitioner does not argue, nor does the Court find, that the other provisions for determining the start of the one-year period apply.

The second basis for dismissing the § 2255 Motion (assuming the Motion is not successive) is the same ground on which the first § 2255 Motion was denied: that Petitioner waived her right to collaterally attack her conviction and sentence. A defendant may

validly waive the right to collaterally attack her conviction or sentence as part of a valid plea agreement. Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (citing Jones v. United States, 167 F.3d 1142, 1144-45 (7th Cir. 1999)). Courts generally uphold and enforce such waivers with limited exceptions. The limited exceptions include when the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor at sentencing (like race), the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel for performance directly related to negotiation of the plea agreement. Keller, 657 F.3d at 681(citing Jones, 167 F.3d at 1144-45). Petitioner does not argue, and the Court does not find, that any of these exceptions to enforcement apply. Therefore, the plea agreement bars collateral review of Petitioner's claim.

### III. CERTIFICATE OF APPEALABILITY

If Petitioner seeks to appeal this decision, she must first obtain a certificate of appealability. See 28 U.S.C. § 2253(c) (providing that an appeal may not be taken to the Court of Appeals from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability); Sveum v. Smith, 403 F.

3d 447, 448 (7th Cir. 2005) (per curiam) (holding that a certificate of appealability is required when the district court dismisses a motion on the ground that it is an unauthorized, successive collateral attack). A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, when a § 2255 motion is denied on procedural grounds, a certificate of appealability should issue only when the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

Petitioner has not made a substantial showing of the denial of a constitutional right or that a reasonable jurist would find it debatable whether the district court was correct in its procedural ruling. Therefore, the Court denies a certificate of appealability.

## IV. CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (d/e 1) is a successive motion that the Court of Appeals has not granted her leave to file. Therefore, the Court DISMISSES the Motion (d/e 1) without prejudice for lack of jurisdiction. Even if this Court had jurisdiction, however, the

§ 2255 Motion is untimely and barred by the waiver in Petitioner's plea agreement. The Court declines to issue a certificate of appealability. CASE CLOSED.

**ENTER: April 17, 2017**

**FOR THE COURT:**

     **<u>s/Sue E Myerscough</u>**
     **SUE E. MYERSCOUGH**
     **UNITED STATES DISTRICT JUDGE**